**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher M. Ellington, | No. CV-16-01255-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa Police Officer T. Smith; Officer John Doe; Officer P. Carroll; Officer K. Kennedy; Officer T. Dangerfield; Sgt. Redwing; Chief John Meza; City of Mesa Prosecutor Stephen Bridger; Judge Lisa Johnson; and City of Mesa, a municipal entity, | |
| Defendants. | |

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which will be granted.

Plaintiff's Complaint (Doc. 1) must be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons set forth below, Plaintiff's Complaint will be dismissed with permission to file an amended complaint by May 30, 2016.

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.      LEGAL STANDARDS**

**A.      28 U.S.C. § 1915(e)(2)**

For cases proceeding in forma pauperis, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim" on which relief may be granted. *Id.* at 1127.

A complaint, containing "both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).

**B.      Rule 8, Federal Rules of Civil Procedure**

A complaint filed in a United States district court must include "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). The complaint must also include "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3). Finally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must be stated in a separate count. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840-41 (9th

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cir. 2000).   For example, a claim of slander should be separated from a claim for physical assault.

The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level."   *Twombly*, 550 U.S. at 555.   Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a).   *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

"Each allegation must be simple, concise, and direct."   Fed. R. Civ. P. 8(d)(1). Allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b).

## II.   ANALYSIS

### A.   Plaintiff's Complaint

Plaintiff's Complaint (Doc. 1) does not satisfy the federal pleading requirements. The "Statement of Relevant Facts" (*id.* at 4–16), although it does contain relevant facts, also contains several irrelevant facts and conclusory allegations.   It is also repetitive, and allegations relating to any given cause of action are somewhat scattered.   The "Counts" (*id.* at 16–28) set forth overbroad legal theories.   They are also inconsistent as to exactly which defendants are being accused under each count.   These pleading deficiencies warrant dismissal.

In addition to pleading deficiencies, parts of the Complaint fail to state a claim upon which relief may be granted.   The Complaint seeks damages based on seven legal theories: (1) Fourth Amendment violation, (2) excessive force by police officers, (3) Americans with Disabilities Act violation, (4) negligent police officer training or supervision, (5) negligence, (6) assault and battery, and (7) intentional infliction of emotional distress. (*Id.* at 16–29.) These legal theories are based on three "incidents":

1
2
3

the first on August 5, 2015; the second on August 6–7, 2015; and the third beginning in October 2015.  (*Id.* at ¶ 15.)  The first and third incidents do not support any of the legal theories advanced by Plaintiff.

4
5
6
7
8
9

The August 5 incident allegedly involved a police officer shouting at Plaintiff "You're a liar," ignoring Plaintiff's request to speak with the officer's supervisor, and failing to read Plaintiff his Miranda rights even though he told Plaintiff he was charging him.  (*Id.* at ¶¶ 16–29.)  These allegations, taken as true, do not support any of Plaintiff's legal theories.  (*See id.* at 16–28.)  The Complaint will be dismissed to the extent it is based on the August 5 incident.

10
11
12
13
14
15
16
17
18

The August 6–7 incident allegedly involved police officers dragging Plaintiff out of his house, handcuffing him, beating him, shouting obscenities at him, searching him even though he was in his underwear, and locking him in a police car for an hour.  (*Id.* at ¶¶ 30–62.)  There seems to have been a state court proceeding based on this incident, but it is not clear from the Complaint whether this proceeding was brought by, or against, Plaintiff.  (*See id.* at ¶¶ 59–60.)  Assuming the state court proceeding does not bar this action, Plaintiff's allegations, taken as true, might well state a claim upon which relief may be granted.  However, the Court does not reach this question because the Court dismissed the Complaint for failure to satisfy federal pleading requirements.

19
20
21
22
23
24
25
26
27
28

The incident beginning in October 2015 was a prosecution allegedly orchestrated by a judge (Defendant Lisa Johnson), a prosecutor (Defendant Stephen Bridger), and a police officer (Defendant T. Smith) acting in collusion.  (*Id.* at ¶¶ 64–79.)  Most of the allegations regarding this prosecution are conclusory.  To the extent Plaintiff's allegations are specific, they relate to conduct by the judge in her judicial capacity (*id.* at ¶¶ 69–75), conduct by the prosecutor in furtherance of his prosecutorial duties (*id.* at ¶¶ 67–68), and conduct by the officer in his capacity as a witness and prosecutorial case manager (*id.* at ¶¶ 67–68, 78).  None of this conduct can support a claim for money damages. *See Forrester v. White*, 484 U.S. 219, 227 (1988) (judicial immunity); *Imbler v. Pachtman*,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

424 U.S. 409, 422–24 (1976) (prosecutorial immunity); *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) (witness immunity). The Complaint will be dismissed with prejudice to the extent it is based on the prosecution beginning in October 2015. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## B. Leave to Amend

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed with prejudice. *See Lopez*, 203 F.3d at 1127-30.

Some of the defects in Plaintiff's Complaint might be curable, such as the failure to satisfy the federal pleading requirements and the failure to state a claim based on the August 5 incident. Other defects are not curable, namely, the claims against Judge Lisa Johnson, Prosecutor Stephen Bridger, and Officer T. Smith based on the prosecution beginning in October 2015.

Plaintiff will be given one, but only one, opportunity to amend the Complaint. Any amended complaint must satisfy federal pleading requirements, must contain sufficient factual allegations to state a claim for relief, and must otherwise conform to the Federal Rules of Civil Procedure. Any amended complaint should also specify whether Plaintiff has brought in state court any of the claims contained in the amended complaint. In addition, any amended complaint should not contain the claims in this Complaint against Judge Lisa Johnson, Prosecutor Stephen Bridger, and Officer T. Smith based on the prosecution beginning in October 2015 (*see* Doc. 1 at ¶¶ 63–79).

If Plaintiff chooses to file an amended complaint but fails to comply with the instructions given in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed with permission to file an amended complaint by **May 30, 2016** in compliance with the instructions given in this order.

IT IS FURTHER ORDERED that if Plaintiff elects not to file an amended complaint by **May 30, 2016**, the Clerk shall dismiss this action without further order of this Court.

IT IS FURTHER ORDERED that if Plaintiff elects to file an amended complaint, the amended complaint may not be served until and unless the Court screens the amended complaint pursuant to 18 U.S.C. § 1915(e)(2).  If and when Plaintiff is given leave to serve an amended complaint, Plaintiff shall be responsible for service by waiver of the summons and complaint.

Dated this 9th day of May, 2016.

Neil V. Wake
United States District Judge

- 6 -